### YOUNG v. UNITED STATES.
### No. 5331.

Circuit Court of Appeals, Seventh Circuit.
Feb. 16, 1935.

Rehearing Denied April 4, 1935.

Frank C. Smith, of East St. Louis, Ill., for appellant.

Paul F. Jones, U. S. Atty., of Danville, Ill., and Walter E. Ackermann, Asst. U. S. Atty., of East St. Louis, Ill.

Before EVANS, SPARKS, and FITZ HENRY, Circuit Judges.

EVANS, Circuit Judge.

This appeal presents a single factual question. Does the evidence support the finding of the court to the effect that appellant who was a veteran in the World War and held a policy of insurance upon which

he ceased to pay premiums on July 1, 1919, was not totally and permanently disabled at said time? The trial judge made the following finding: "I find as a fact that the plaintiff was neither totally nor permanently disabled during the life of the policy upon which suit is brought."

It would serve no useful purpose to review the evidence which supports this finding or discuss the testimony of witnesses whose statements furnish support for a contrary conclusion. The very earnest appeal of counsel for appellant has caused us to review the record most carefully and in the light of the explanations made by him.

From an examination of the record we are convinced that the District Court's finding is amply sustained by the evidence. Counsel for appellant has confused his client's right to recover on the insurance policy with a veteran's right to obtain disability compensation. He has made out a case for the compensation of the veteran who, injured in the service, has at times since the termination of his service suffered from service disabilities which impaired and on occasions, perhaps, totally destroyed his earning capacity. For such claims he has been the recipient of aid from the Government.

But partial disability which occurs years after discharge from service does not support a veteran's claim for payment on an insurance policy which was dropped when the veteran was discharged. The record is replete with evidence disproving both the totality and the permanency of the disability in July, 1919. It conclusively appears that the insured worked steadily for the Armour Company at East St. Louis from July 11, 1919, to May, 1923. He averaged approximately forty hours per week from July 11, 1919, to November 10, 1921, when a strike occurred. He returned to his work in February, 1922, and worked again approximately forty hours each week until May 18, 1923. At times he was paid on the basis of hourly employment and occasionally was engaged on piece work. His piece work compensation seemed to exceed his regular wage. Some years after his discharge, he suffered from kidney trouble and finally underwent an operation which was helpful. After this operation he again returned to work.

The medical testimony is, as in many of these war risk cases, hopelessly irreconcilable. Opinions based upon meager facts are offered, which are not impressive.

Appellant's record in the service and subsequent thereto is a commendable one. It shows that he was both plucky and ambitious. He courageously fought an ailment which was most discouraging in its persistency and which may yet prove fatal. Distressing as such condition has been since 1924, the issue which the judge was called upon to determine was one of total and permanent disability in July, 1919. See Miller, Jr., v. United States, 55 S. Ct. 440, 79 L. Ed. ——, decided March 4, 1935.

The judgment is affirmed.